UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET E. UGUROGLU, | ) |
|     Plaintiff, | ) ) |
| v. | ) No. 04 C 2220 ) ) Judge George M. Marovich |
| DONALD EVANS, Secretary, Department of Commerce, | ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Margaret E. Uguroglu ("Uguroglu") filed a complaint asserting that she was discriminated against on account of her sex and race in violation of Title VII of the Civil Rights Act of 1964. Defendant has filed a motion to dismiss plaintiff's complaint. For the reasons set forth below, the Court denies defendant's motion to dismiss.

**I.  Background**

For purposes of a motion to dismiss, the Court takes as true the allegations in Uguroglu's complaint. Only one fact is relevant. She alleges that she received her final agency decision (which notified her of her right to sue) on February 24, 2004. She filed her complaint on March 25, 2004, i.e., thirty days after she received the final agency decision.

**II.  Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."
*Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment.  *See* Fed.R.Civ.P. 12(b).  The pleadings include documents attached to the complaint.  *See* Fed.R.Civ.P. 10(c).

## III.    Discussion

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court.  The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).  "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

### The 30-day requirement

Among other procedural requirements, most plaintiffs wishing to pursue their Title VII claims in federal court must file the federal claim within 90 days after receiving a *Notice of Right to Sue* from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  An individual–such as the plaintiff–who sues the federal government under Title VII must file her claim in federal court within 30 days after receiving notice of the final agency action.  *See* 42 U.S.C. § 2000e-16(c).  These statutes of

limitations are affirmative defenses, and a plaintiff need not plead around them. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

The 30-day period begins running when the plaintiff receives *actual* notice of her right to sue *unless* she fails to receive notice due to her own fault. *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999). Receipt by a plaintiff's attorney suffices to start the clock. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 92-93 (1990). An example of failing to receive notice due to one's own fault is the plaintiff in *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-1317 (7th Cir. 1984), which plaintiff failed to receive notice because he failed to provide the EEOC with his new address. In *Houston*, the Seventh Circuit explained that so long as the plaintiff picks up a certified letter before the post office returns it to the sender, it would not consider the plaintiff to be at fault for not receiving it earlier. *Houston*, 185 F.3d at 839. The court noted, "[w]e see very little utility in the district court having to examine the reasons [plaintiff] gave for picking up the letter on the 9th rather than the 5th and determining whether they were 'reasonable'. Such a rule would lead to uncertainty and unnecessarily subjective adjudication." *Houston*, 185 F.3d at 839.

In this case, the plaintiff properly plead that she received the notice on February 24, 2004. She filed her complaint on March 25, 2004. Since she need not plead around the statute of limitations affirmative defense, defendant's motion to dismiss under Rule 12(b)(6) must be denied.[1]

---

[1] The Court notes that plaintiff has attached to her response an affidavit providing further details of her receipt of the notice. The Court cannot consider the affidavit without converting the motion to a motion for summary judgment, which it will not do. Even if the Court converted

## IV. Conclusion

For the reasons set forth above, the Court denies defendant's motion to dismiss. Any party wishing to file a motion for summary judgment on the merits may do so by April 30, 2007.

ENTER:

*[signature: George M. Marovich]*

George M. Marovich
United States District Judge

DATED: March 23, 2007

---

the motion to a motion for summary judgment, the outcome would not change. The affidavit establishes that plaintiff had asked the postal service to hold her mail for her during a vacation. When she returned, she received the certified letter from the EEOC. The fact that the postal service had not yet returned the certified letter to the EEOC suggests that plaintiff picked up the certified letter within the time allowed by the postal service. Thus, her receipt of the letter on February 24, 2004 triggers the statute of limitations. Her claim was timely filed.