UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET E. UGUROGLU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 2220 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| CARLOS M. GUTIERREZ, Secretary, | ) | |
| Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Margaret E. Uguroglu ("Uguroglu") filed a complaint asserting that she was discriminated against on account of her sex, age and race in violation of Title VII of the Civil Rights Act of 1964. Defendant has filed a motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

**I.      Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. *See Thomas v. CitiMortgage, Inc.*, Case No. 03 C 6177, 2005 WL 1712266 at *1 n. 1 (N.D. Ill. Jul. 20, 2005); *Perez v. City of Batavia*, Case No. 98 C 8226, 2004 WL 2967153 at *10 (N.D. Ill. Nov. 23, 2004); *see also Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Where one party supports a fact with admissible evidence and the other party fails to respond, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party who asserted a fact of its initial burden of putting forth admissible evidence to support its fact. Asserted "facts"

not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

In this case, the plaintiff failed to respond to defendant's statement of material facts within the nearly two months allotted by the Court's briefing schedule. Approximately one month after the deadline had passed, the Court *sua sponte* granted plaintiff one additional week to respond and stated that if plaintiff failed to respond, it would rule on defendant's motion without plaintiff's response. Plaintiff failed to file a response by the newly-extended deadline. For the reasons stated in open court on August 28, 2007, the Court now considers defendant's motion for summary judgment without any response by plaintiff. The Court has carefully reviewed the record and has deemed admitted only those facts asserted by defendant that defendant supported with admissible evidence. The following facts are undisputed.

Plaintiff Margaret Uguroglu worked as a supervisory survey statistician for the United States Bureau of Census from 1987 until June 2001, when she resigned. Between 1996 and 1998, she filed with the Equal Employment Opportunity Commission three charges of discrimination, though it is not clear from the record what those charges alleged.

Over the years, Uguroglu applied for promotions. The first time Uguroglu applied for a promotion was in 1987. The most recent time was in 1998, when Uguroglu applied for a temporary position as an area manager for the 2000 census. She was never promoted.

During the last eighteen months of her employment with the Census Bureau, Uguroglu experienced treatment that she did not like. For example, plaintiff was displeased with her performance review for the year ending June 30, 2000. In the review, her supervisor, Melva Jones ("Jones"), gave Uguroglu a "meets or exceeds" rating but Uguroglu thought Jones should

have given her more positive feedback. Instead, Jones informed plaintiff that she needed to increase the response rates she obtained for surveys and needed to recruit more field staff to handle the surveys. Six months later, Jones again informed plaintiff that in order to receive a "meets or exceeds" rating on her next annual review, she would need to improve her response rates and hire more field staff.

Uguroglu also disliked that Jones sometimes reviewed her written work. Once, Uguroglu needed to revise a letter four times before Jones approved its release. Another time, Jones gave plaintiff two options for communicating a piece of information: Uguroglu could either send an email after it had been reviewed by Jones or send a memo after it had been reviewed by a regional director. Instead, to avoid any review, Uguroglu sent a hand-written note that was reviewed by no one.

This was not the only time Uguroglu failed to follow instructions. For example, after Jones instructed plaintiff to send a list of assignments to one group of field representatives, plaintiff sent the assignments to a different group. On another occasion, Uguroglu left work without approval even though she had been told she should not leave work without approval.

Uguroglu also disliked it when her supervisor told her how to supervise the employees plaintiff supervised. For example, Uguroglu did not like Jones's instruction that plaintiff should check the leave balances of her field representatives before approving their requests for leave. Uguroglu also did not like that Jones sometimes gave instructions directly to field representatives who reported to Uguroglu.

Uguroglu was also disappointed with respect to her requests for time off. On several occasions, Uguroglu felt that her requests for time off were granted too late for her to make

travel plans.  When plaintiff requested in May 2001 a medical leave for an indefinite period of time, it bothered her that her then-supervisor, Gail Krmenec, asked that she provide by a set deadline documentation supporting her request for leave.  Ultimately, plaintiff provided the documentation, and Krmenec granted plaintiff's request for leave.

Finally, Uguroglu believes that she was treated unfairly by administrative staff.  She complains that administrative staff failed to inform her that the office stocked dry-erase markers and that an administrative staff member took too long to obtain airline tickets for Uguroglu.

In February 2001, Uguroglu sought EEO counseling with respect to these events.  Uguroglu resigned her position in June 2001.  She filed with this Court a complaint in which she alleges that she was discriminated against on the basis or her age, sex and race and that she was retaliated against in violation of Title VII of the Civil Rights Act of 1964.  The defendant has moved for summary judgment on all of plaintiff's claims.

## II.    Standard on a motion for summary judgment

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A genuine issue of material fact

arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.   <u>Discussion</u>

### A.   **Uguroglu's failure to promote claim**

Uguroglu claims that due to her sex, age and race, the Census Bureau failed to promote her many times over the course of her employment. The most-recent occasion on which Uguroglu sought promotion was in 1998, when she sought a temporary position for the 2000 census. Defendant argues that this claim is time-barred because she failed to seek EEO counseling within 45 days.

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court. The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

Among other procedural requirements, federal employees wishing to pursue a Title VII claim must contact an EEO counselor within 45 days of the alleged unlawful action. *Smith v. Potter*, 445 F.3d 1000, 1006-1007 (7th Cir. 2006); 29 C.F.R. § 1614.105. Here, Uguroglu was

denied a promotion in 1998 and sought counseling in February 2001. Because she failed to seek EEO counseling within 45 days, her claim is time-barred.

### B.    Uguroglu's disparate treatment claim

Uguroglu next claims that she was discriminated against in the terms and conditions of her employment on the basis of her sex, age and race. Pursuant to Title VII of the Civil Rights Act of 1964, it "shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). Likewise, the Age Discrimination in Employment Act makes it "unlawful for an employer–(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensations, terms, conditions, or privileges of employment, because of such individual's age." *See* 29 U.S.C. § 623(a)(1).

Because Uguroglu provides no direct evidence of discrimination, she must follow the indirect method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To make out a *prima facie* case of discrimination, a plaintiff must establish that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside of her protected class were treated more favorably. *Perez v. Illinois*, 488 F.3d 773, 776 (7th Cir. 2007). The "burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). It requires a plaintiff to show that she was "rejected under circumstances which give rise to an inference of unlawful discrimination."

*Burdine*, 450 U.S. at 253 and n.6.  If the plaintiff makes out a *prima facie* case of discrimination, "the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision."  *Rudin*, 420 F.3d at 724.  "If the employer does articulate such a reason, then 'the plaintiff must show by a preponderance of the evidence that the employer's proffered reasons were merely a pretext for discrimination.'"  *Rudin*, 420 F.3d at 724.  "To do this, the employee must establish that the explanation is a lie, which permits a jury to infer that the tale has been concocted to conceal an unlawful truth.  It is not enough to demonstrate that the employer was mistaken, inconsiderate, short-fused, or otherwise benighted; none of those possibilities violates federal law.  Poor personnel management receives its comeuppance in the market rather than the courts."  *Yindee v. CCH Inc.*, 458 F.3d 599, 602 (7th Cir. 2006) (internal citations omitted).

Here, Uguroglu asserts that she was discriminated against with respect to a number of slights.  In a nutshell, Uguroglu complains that she was told to improve her performance, was required to have certain written work reviewed by supervisors and was granted requests for leave too late.  With this evidence, Uguroglu cannot make out a *prima facie* case of discrimination.  First, the Court fails to see how any of these actions, even in combination, constitutes an adverse employment action.  *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996) ("[N]ot everything that makes an employee unhappy is an actionable adverse action.  Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'") (quoting *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996).  One wonders how long any company would stay in business if it could not review the work of its employees or suggest areas for improvement.

In any event, plaintiff fails to make out a *prima facie* case because she fails to put forth any evidence that any similarly-situated individual outside of her protected class was treated more favorably. Without some evidence that individuals outside of her protected class were treated more favorably, there can be no inference that the *reason* for the claimed slights was her age, her sex or her race. Accordingly, the Census Bureau is entitled to judgment as a matter of law.

**C.** **Uguroglu's retaliation claim**

Next, Uguroglu claims that she was subjected to unfair treatment in retaliation for having complained about discrimination.

The Court first notes that it finds in the record no direct evidence of retaliation. Direct evidence of retaliation is evidence "that [plaintiff] engaged in protected activity (filing a charge of discrimination) and as a result suffered the adverse employment action of which he complains." *Pantoja v. American NTN Bearing Mfg. Corp.*, __ F.3d __, __, 2007 WL 2230095 at *7 (7th Cir. 2007). First, no evidence indicates that sex, race or age was the reason for any of the conduct about which plaintiff complains. Second, the Court finds no temporal connection. Although it is not clear whether plaintiff's asserted protected conduct is the charge of discrimination she filed in 1998 or the EEO counseling in February 2001, it is also not clear when the events about which she complains occurred. Accordingly, the plaintiff has failed to supply direct evidence of retaliation.

Thus, the Court consider's Uguroglu's claim under the indirect method of proof. To make out a *prima facie* case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) she was subjected to an adverse employment action; (3) she was performing her job

-8-

satisfactorily; and (4) no similarly-situated employee who did not engage in protected activity was treated more favorably. *Squibb v. Memorial Medical Ctr.*, __ F.3d __, ___, 2007 WL 2325173 at *9 (7th Cir. 2007). For purposes of Title VII's anti-retaliation provision, an adverse employment action is a materially adverse action which would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405, 2415 (2006). The action must be "material" in order "to separate significant from trivial harms." *Id.*

Plaintiff fails to make out a *prima facie* case of retaliation for at least two reasons. First, the actions (reviewing her work, offering performance improvement suggestions, approving leave too late) about which she complains are all trivial. The actions–alone or in combination–are not enough to discourage a *reasonable* person from complaining about discrimination. Second, plaintiff has failed to point out any individual (let alone one who is similarly-situated) who did not engage in protected conduct and who was treated more favorably. Accordingly, defendant is entitled to judgment as a matter of law.

### D. Uguroglu's harassment and constructive discharge claims

Finally, Uguroglu claims that she was subjected to unlawful harassment on the basis of her age, sex and/or race and that, ultimately, the harassment was so severe that she was constructively discharged.

To support a claim of unlawful harassment, a plaintiff must establish conduct which was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive environment." *Roney v. Illinois Dep't of Trans.*, 474 F.3d 455, 463 (7th Cir. 2007). The work environment must be both subjectively and objectively offensive. *Id.* Finally, the alleged

harassment must have been based on plaintiff's protected class. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 863 (7th Cir. 2005) ("not every perceived unfairness in the workplace may be ascribed to discriminatory motivation merely because the complaining employee belongs to a racial minority.").

Here, plaintiff fails to put forth sufficient evidence from which a reasonable jury could find evidence of unlawful harassment. None of the actions about which plaintiff complains–even in combination–constitutes harassment. The alleged conduct was neither severe nor pervasive. Finally, the record is free of any evidence of a connection between the alleged harassment and plaintiff's age, sex or race. Accordingly, defendant is entitled to judgment as a matter of law on the plaintiff's hostile environment claim.

Because plaintiff has failed to establish a hostile environment claim, her claim for constructive discharge necessarily fails as well. *Roney*, 474 F.3d at 463 (concluding that failure to prove hostile environment necessarily foreclosed claim for constructive discharge); *Witte v. Wisconsin Dep't of Corrections*, 434 F.3d 1031, 1035-1036 (7th Cir. 2006) ("Working conditions for constructive discharge must be even more egregious than those that would support a finding of a hostile working environment; absent extraordinary circumstances, an employee is expected to remain employed while seeking redress.").

Accordingly, defendant is entitled to judgment as a matter of law.

## IV.    Conclusion

For the reasons set forth above, the Court grants defendant's motion for summary judgment.

ENTER:

*George M. Marovich*

-10-

_____

George M. Marovich
United States District Judge

DATED: September 11, 2007